UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBVIE INC.,<br>　　　　Plaintiff,<br>　　v.<br>DAN RAYFIELD,<br>　　　　Defendants. | Case No. 25-mc-80390-EMC<br><br>**ORDER GRANTING TRANSFER OF SUBPOENA-RELATED MOTION**<br><br>Docket No. 1 |

　　　　Before the Court is non-party Safeway Inc.'s Motion to Quash Non-Party Subpoena and Transfer Subpoena-Related Motion. Dkt. No. 1. The non-party subpoena was issued in an underlying lawsuit by drug manufacturer AbbVie against the State of Oregon challenging the constitutionality of H.B. 2385. The underlying litigation is in the District Court of Oregon. Safeway seeks to transfer its Motion to Quash to the issuing court, the District Court of Oregon, for adjudication.

　　　　Under Federal Rule 45(f), "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Since "the primary purpose of resolving subpoena-related motions in the home district of non-parties is to protect them from the burden of challenging a subpoena in a remote location," a non-party's wish to resolve the motion in the issuing court is sufficient reason to return the matter there. *Muhammad Mirza & Allied Med. & Diagnostic Servs., LLC v. Yelp, Inc.*, No. 21-mc-80077-TSH, 2021 U.S. Dist. LEXIS 130455, at *8 (N.D. Cal. July 13, 2021). Transfer is also appropriate when the issuing court "is in a better position to rule on these motions due to its familiarity with the issues involved." *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 20-mc-80083-TSH, 2020 U.S. Dist. LEXIS

137730, at *7 (N.D. Cal. Aug. 3, 2020).

Here, the non-party subject to the subpoena wishes to return to the issuing court. The issuing party does not object to the transfer. Dkt. No. 10 at 1. And the District Court of Oregon is better positioned to rule on the motion, both because it is familiar with the issues in the underlying litigation and because it already has before it a similar Motion to Quash from a different non-party in the litigation. Dkt. No. 1 at 8.

Accordingly, Safeway's Motion to Transfer its Motion to Quash to the District Court of Oregon is **GRANTED**.

**IT IS SO ORDERED**.

Dated: 1/26/2026

_____
EDWARD M. CHEN
United States District Judge